Reese, J.
delivered the opinion of the court.
This is an action of assumpsit founded upon an alleged agreement between the parties, in order to settle a controversy respecting the title and boundary of land, that the defendant would pay the plaintiff a certain price per acre fop all the land included within certain specified limits. The defendant filed a demurrer to plaintiff’s declaration, which set forth the above agreement, upon the ground that such agreement is within the statute for the prevention of frauds and requires a writing. And manifestly this is so. The -agreement was for the sale of land, and to be paid for per acre according to the quantity. No one can doubt that to give validity to such an agreement under the statute of frauds there must be a writing between the parties evidencing the terms of the agreement; but is it necessary that the declaration should set forth or allege the agreement to be in writing? We understand the law to be that it is not necessary. This is so stated in the case of Forth vs. Stanton, 1 Saunders, 011, note 2: “For,” says that learned writer, “the statute has made no alteration in the mode of pleading, and consequently it does not appear upon the declaration whether there was *63 a promise in writing or not; it is matter of evidence only.” And see also 2 Salk. 519: 3 Bur. 1890. The same principle is stated in Roberts on Frauds in these words: (202) “The statute has made no alteration in the method of pleading, either by addition or defalcation, so that as on the one hand the consideration continues necessary to be stated, agreeably to the rule at the common law, so on the other hand it is not held to be necessary, on account of the statute, to show by the declaration that the promise was in writing, but it is left to evidence, which last mentioned point rests upon the general rule distinguishing between cases wherein a matter has its origin in an act of parliament, and is thereby required to be in writing, and when an act of parliament makes writing necessary to a matter existing at common law, in the latter of which cases the thing need not be shown in pleading to be in writing, but in the former it must be pleaded with all the circumstances required by the act.”
As in the case before us there is perhaps, in point of fact, no writing, we regret the necessity imposed upon us to reverse the judgment of the circuit court rendered upon the demurrer. For us, we are satisfied that to give validity to an agreement such as is set forth in the declaration, a writing is necessary; if, in fact, it does not exist, all further contest in this case will be fruitless. But still, for the reasons stated, we are constrained to reverse the judgment, to overrule the demurrer, and to remand the cause to be proceeded in in the cir« cuit court.